IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-51-FL-1
No. 4:12-CV-42-FL

| | | |
|---|---|---|
| MARTREY ANTWAIN NEWBY, | ) | |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on Petitioner Martrey Newby's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Pet'r's Mot.") [DE-214], supported by a memorandum of law by which Petitioner has included a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c). Mot. to Vacate, Reduce Sentence and Resentence and Incorporated Mem. of Law ("Pet'r's Mem.") [DE-215].[1] The government filed a response to Petitioner's motion, Gov't's Resp. to Pet'r's Mot. to Vacate ("Gov't's Resp.") [DE-219], to which Petitioner has replied. Def.'s Reply to Gov't's Resp. ("Pet'r's Reply") [DE-220]. The court entered an order on August 24, 2012 requiring the government to file a notice of

---

[1] This document, styled a motion and memorandum of law, was filed simultaneous to Petitioner's motion to vacate his sentence pursuant to § 2255 and contains additional legal argument for Petitioner's motion to vacate. The document states also that Petitioner moves the court pursuant to 18 U.S.C. § 3582(c) to be resentenced in accordance with 18 U.S.C. § 3553(a). Pet'r's Mem. at 5. Petitioner previously filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c), which was denied without prejudice on March 6, 2011. [DE-205].

whether the government intends to withdraw its motion to dismiss Petitioner's § 2255 motion.[2]
[DE-221]. Accordingly, the government submitted a response noting its intent not to withdraw
its previously filed response, Resp. to Court's Order [DE-222], to which Petitioner responded.
Pet'r's Resp. [DE-224]. Both Petitioner's § 2255 motion [DE-214] and § 3582 motion [DE-215]
were referred to this court and are considered here as a recommendation to the District Court.
*See* 28 U.S.C. § 636(b)(1)(B); FED. R. CRIM. P. 59(b)(1)(B). For the following reasons, it is
recommended that Petitioner's motion to vacate, set aside or correct his sentence [DE-214] be
denied and Petitioner's motion for a reduction in sentence [DE-215] be denied.

## I. BACKGROUND

Petitioner was charged in a six-count second superseding indictment with the following
drug offenses: (1) one count of conspiracy to distribute and possess with the intent to distribute
fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count
1"); (2) three counts of possession with intent to distribute a quantity of cocaine base in violation
of 21 U.S.C. § 841(a)(1) ("Counts 2, 3 and 4"); (3) one count of possession with intent to
distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) ("Count
5"); and (4) one count of possession with intent to distribute fifty (50) grams or more of cocaine
base in violation of 21 U.S.C. § 841(a)(1) ("Count 6").[3] [DE-80]. On January 3, 2008, the

---

[2] While the government has not captioned its response as a motion to dismiss, the
government requests in the text of its response that Petitioner's motion be dismissed. *See*
Gov't's Resp. at 1, 5, 8, 9. Accordingly, the court considers Petitioner's motion in light of the
grounds for denial as presented by the government.

[3] The written judgment form reflects that Count 6 was a conspiracy charge pursuant to §
846 instead of a possession charge pursuant to § 841(a)(1). J. in Criminal Case [DE-171].
However, there is overwhelming evidence in the record that this was an inadvertent
typographical error and that Petitioner was charged, adjudicated guilty, and sentenced for

2

government filed a notice of intent to seek an enhanced penalty pursuant to 21 U.S.C. § 851

based on Petitioner's criminal history. [DE-36]. At Petitioner's arraignment hearing on July 9,

2008, Petitioner entered a plea of not guilty to all counts included in the second superseding

indictment. [DE-116].

A five-day jury trial took place in July 2008, whereby a jury returned a verdict of guilty

on all counts on July 24, 2008. [DE-134 – 41]. A sentencing hearing was held in Petitioner's

case on December 10, 2008.[4] J. in Criminal Case [DE-171]; Sentencing Tr. [DE-194]. Petitioner

objected to application of the enhanced statutory penalty pursuant to 21 U.S.C. §§ 841(b)(1) &

851 and to Petitioner's designation as a career offender pursuant to section 4B1.1 of the United

States Sentencing Guidelines ("Guidelines" or "USSG"). PSR Addendum ¶¶ 4, 5; Sentencing

Tr. at 18 -29. The district court overruled both of Petitioner's objections and imposed a sentence

of 425 months imprisonment as to Counts 1, 5 and 6 and 360 months imprisonment as to Counts

2, 3 and 4, all terms to run concurrently.[5] J. in Criminal Case at 3; Sentencing Tr. at 23, 29. The

applicable guideline range for imprisonment based on a total offense level of 37 and criminal

history category of VI is 360 months to life imprisonment. PSR ¶ 52. The district court further

---

possession with intent to distribute 50 grams or more of cocaine base. [DE-80] at 2-3; [DE-141];
[DE-142] at 39. Finally, neither party has raised as error this discrepancy in the written judgment
form.

[4] The Presentence Investigation Report ("PSR") submitted to the court in this case relied
on the 2007 edition of the United States Sentencing Guidelines Manual.

[5] As to Counts 1 and 6, the statutory provisions provide a term of imprisonment not less
than 20 years or more than life imprisonment. See PSR ¶ 49 (citing 21 U.S.C. § 841(b)(1)(A)).
As to Count 5, the statutory provisions provide a term of imprisonment not less than 10 years or
more than life imprisonment. See PSR ¶ 49 (citing 21 U.S.C. § 841(b)(1)(A)). As to Counts 2,
3, and 4, the statutory provisions provide a maximum term of imprisonment of 30 years. See
PSR ¶ 50 (citing 21 U.S.C. § 841(b)(1)(C)).

3

imposed terms of supervised release to run concurrently, not exceeding 10 years, with special

conditions of supervision. J. in Criminal Case at 3-4.

Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242

(4th Cir. 2005), three of Petitioner's state court convictions qualified as prior felony offenses for

federal sentencing purposes, impacting Petitioner's total offense level under the Guidelines and

the applicable statutory sentence provisions.[6] As such, Petitioner was designated a career

offender and subject to sentence enhancement under U.S.S.G. § 4B1.1.[7] PSR ¶¶ 39-47.

Additionally, Petitioner's state felony drug conviction served as a prior drug offense to enhance

his statutory sentences under 21 U.S.C. §§ 841(b)(1) & 851.[8] *See* PSR ¶¶ 22, 49, 51; [DE-36,

48]. Petitioner did not challenge either his conviction or sentence on direct appeal to the Fourth

---

[6] According to the PSR, Petitioner was convicted twice for common law robbery in
Craven County Superior Court and once for possession with intent to sell or deliver marijuana in
Craven County District Court. *See* PSR ¶¶ 18, 20, 22, 45; [DE-36].
   Of these three state offenses, Petitioner only contests the use of the prior state drug
offense in effectuating a statutory enhancement pursuant to § 851. Pet'r's Mem. at 7. Petitioner
concedes that the robbery offenses still qualify for career offender purposes and remain proper
predicate offenses. Pet'r's Mem. at 8.

[7] Petitioner received a base offense level of 30 under § 2D1.1 of the Guidelines for his
charged drug offenses involving 79.52 grams of cocaine base. *See* PSR ¶ 39. Further application
of the career offender enhancement increased Petitioner's base offense level to 37. *See* PSR ¶
45.

[8] Under 21 U.S.C. §§ 841(b)(1)(A) & (B), the minimum sentences of five or ten years
may increase to 10 or 20 years, respectively, if the defendant committed the charged drug offense
after having a prior felony drug offense conviction, or in other words, is not a first offender. *See
id.* Here, Petitioner's prior felony drug conviction of possession with intent to sell or deliver
marijuana in Craven County District Court served as the basis for his enhanced statutory sentence
pursuant to § 851. [DE-36, 36-2]; PSR ¶ 22. As such, Petitioner received an increased statutory
sentence for Counts 1, 5 and 6. [DE-80].

4

Circuit on the grounds asserted here.[9] Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 challenging his sentence on multiple grounds.

## II. LEGAL STANDARDS

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on

---

[9] Petitioner's § 2255 motion indicates that he made a direct appeal to the Fourth Circuit Court of Appeals on the following alleged grounds: (1) wrongful denial of access to police department's internal affairs investigation; (2) impermissibly suggestive identification of Defendant from photo line-up; (3) wrongful limitation of cross-exam of investigative officer; and (4) unreasonableness of sentence. Pet'r's Mot. at 3. The Fourth Circuit affirmed the district court and Petitioner did not file a petition for *writ of certiorari* to the United States Supreme Court. *Id.*

5

petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## III. DISCUSSION

Petitioner asserts three grounds for relief:

(1)     the prior North Carolina state conviction upon which the court based the statutory sentence enhancement pursuant to 21 U.S.C. § 851 does not qualify as a prior felony drug conviction in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) ("the *Simmons* claim");

(2)     Petitioner is entitled to a sentence reduction under 18 U.S.C. §§ 3582(c)(1)(A)(I) and 3582(c)(2) based on the extraordinary reasons surrounding recent changes in law and the recent crack cocaine amendment to the Guidelines ("the Sentence Reduction claim"); and

(3)     Petitioner is entitled to re-sentencing in accordance with the Fair Sentencing Act ("FSA") of 2010 ("the FSA claim").

Pet'r's Mot. at 5, 6; Pet'r's Mem. at 1, 5.

### A.     *Simmons* claim

Petitioner argues that he is entitled to relief under *Simmons* for the purposes here of assessing an enhancement under section 851. Pet'r's Mot. at 5. Petitioner argues that his motion is timely under § 2255(f)(1)-(4) and, in the event it is deemed untimely, that equitable tolling should apply to extend the statutory time by which he may file his motion. Pet'r's Resp. at 1-4. The government contends that Petitioner's motion is untimely, but even if deemed timely, that there is no relief under *Simmons*. Gov't's Resp. at 3, 5.

6

## 1.    Timeliness of Petitioner's Motion

In order to properly proceed under § 2255, Petitioner must first establish that his motion was timely filed. Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

Petitioner contends that his § 2255 motion is timely under all sections of § 2255(f). Pet'r's Resp. at 2-3. Beginning with § 2255(f)(1), a petitioner has one year from the date his judgment becomes final to file a § 2255 motion. If a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003). On December 3, 2010, in an unpublished per curiam opinion, the Fourth Circuit affirmed Petitioner's conviction and sentence. [DE-201, 202]. On December 27, 2010, the Fourth Circuit issued its mandate. [DE-203]. Petitioner's conviction, therefore, became final ninety days later on March 27, 2011, when the time for filing a petition for *writ of certiorari* with the Supreme Court expired. *See Clay*, 537 U.S. at 525; *see also* Sup.Ct. R. 13.1 ("a petition for a

7

writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). The one-year limitations period then ran for 365 days and expired on March 27, 2012. Petitioner filed the instant § 2255 motion on March 22, 2012. Therefore, Petitioner's § 2255 motion was timely filed under § 2255(f)(1). Having determined Petitioner's § 2255 motion is timely, the court will now consider whether Petitioner is entitled to relief.

## 2.     *Simmons* relief

Petitioner argues that *Simmons* entitles him to relief because the Fourth Circuit changed the way a court determines whether a prior conviction qualifies as a felony for purposes of federal sentencing. Pet'r's Mot. at 5.

Section 2255(a) recognizes that a § 2255 motion provides relief for sentences that exceed the maximum authorized by law. 28 U.S.C. § 2255(a). However, it is generally recognized that errors in the application of the United States Sentencing Guidelines cannot be raised in a subsequent § 2255 motion because they do not constitute a miscarriage of justice absent a sentence exceeding the statutory maximum.[10] *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also Mikalajunas*, 186 F.3d at 496 (holding that claims of guideline error application are not cognizable under § 2255 because they fall short of constituting a miscarriage of justice). Thus, a petitioner who has been sentenced within the statutory maximum may not seek relief under § 2255. *See Farmer v. United States*, Nos. 5:02-CR-131-BO, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 164227, at *4, 2012 WL 5835524, at *2 (E.D.N.C. Nov. 16, 2012);

---

[10] Petitioner concedes that his sentence of 425 months for Counts 1, 5 and 6 is within the applicable statutory range even without the § 851 enhancement. Pet'r's Mem. at 8.

8

*Dailey v. United States*, Nos. 7:06-CR-36-BO, 7:12-CV-224-BO, 2012 U.S. Dist. LEXIS 161419, at *5, 2012 WL 5471156, at *2 (E.D.N.C. Nov. 9, 2012); *Jackson v. United States*, Nos. 3:04-CR-162-FDW-2, 3:11-CV-673-FDW, 2012 U.S. Dist. LEXIS 156006, at *9, 2012 WL 5379057, at *3 (W.D.N.C. Oct. 31, 2012); *Jones v. United States*, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, at *2, 2012 WL 4432675, at *1-2 (E.D.N.C. Sept. 24, 2012) (citing *United States v. Powell*, 691 F.3d 554, 563 (4th Cir. 2012) (King, J., dissenting))

Here, Petitioner was convicted of five drug offenses in violation of 21 U.S.C. §§ 841(a)(1) and 846. Following conviction on Counts 1, 5 and 6, Petitioner was subject to a term of imprisonment of not less than 10 years and not more than life for the possession charge of 5 grams or more of cocaine base (Count 5) and not less than 20 years and not more than life for the possession and conspiracy charges of 50 grams or more of cocaine base (Counts 1 & 6) because of the prior conviction identified in the government's § 851 notice. *See* § 841(b)(1)(A) and (B); PSR ¶¶ 49, 51. Petitioner was sentenced to 425 months for Counts 1, 5 and 6. J. in Criminal Case at 3. The maximum sentences that could have been imposed in the absence of the § 851 enhancement are 40 years for Count 5, reflecting a change from the previous life imprisonment, and life imprisonment for Counts 1 and 6, reflecting no change because the unenhanced maximum is still life imprisonment for these counts. It is plain that Petitioner's sentence of 425 months (approximately 35 years) for these counts is well within both statutory maximums of 40 years and life imprisonment. Accordingly, Petitioner is not entitled to relief in this § 2255 proceeding. *See Powell*, 691 F.3d at 563 (King, J., dissenting) (finding that Powell's challenge to his term of imprisonment, which was based on a prior state drug conviction, must fail because

9

notwithstanding the § 851 enhanced penalties Powell still received a sentence that was within the unenhanced maximum allowed by law under § 841(b)(1)(A)); *Jackson*, 2012 U.S. Dist. LEXIS 156006, at *9, 2012 WL 5379057, at *3; *see also Jones v. United States*, 2012 U.S. Dist. LEXIS 136280, at *2, 2012 WL 4432675, at *1-2 (finding that petitioner's challenge to his base offense calculation is not cognizable because he did not receive a sentence that exceeds his statutory maximum).

In light of the foregoing, the court finds that Petitioner's challenge to his § 851 enhancement fails because Petitioner's claim is not cognizable under § 2255 since Petitioner did not receive a sentence that exceeds his statutory maximums. Additionally, Petitioner has not alleged any facts indicating a miscarriage of justice, thus allowing for collateral attack of his sentence. *See Mikalajunas*, 186 F.3d at 496. It is also true that Petitioner's advisory guideline range will remain the same irrespective of the § 851 enhancement given the career offender designation dictates the offense level and criminal history category.[11] Accordingly, this court recommends Petitioner's *Simmons* claim be DENIED.

## B.    Sentence Reduction claim

Petitioner contends that he is entitled to a sentence reduction pursuant to 18 U.S.C. §§ 3582(c)(1)(A) & (c)(2). Pet'r's Mem. at 5. Petitioner's request for relief pursuant to § 3582(c)(1)(A) fails as a matter of law because the court lacks authority to consider such motion

---

[11] Petitioner's guideline range is calculated using the offense level dictated by the career offender guidelines under section 4B1.1. Petitioner faces a total offense level of 37 under § 4B1.1(b) irrespective of the § 851 enhancement because he is subject to a statutory maximum term of life imprisonment even under the unenhanced statutory maximums. *See* § 4B1.1(b); 21 U.S.C. § 841(b)(1)(A). Thus, Petitioner faces the same guideline sentencing range and Petitioner concedes this fact. Pet'r's Mem. at 8.

10

without a motion by the Bureau of Prisons. *See Cintron v. United States*, Nos. 5:99-CR-51, 5:09-CV-103, 2010 U.S. Dist. LEXIS 60516, at *7-8, 2010 WL 2545625, at *3 (N.D. W. Va. June 18, 2010) ("[T]his Court need not consider whether the petitioner has set forth extraordinary and compelling circumstances warranting a reduction in his sentence because in the absence of a motion by the BOP, this Court lacks authority to grant a compassionate release."); *see also* 18 U.S.C. § 3582(c)(1)(A) (specifying that "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a)" and finding "extraordinary or compelling reasons [to] warrant a reduction") (emphasis added). Accordingly, Petitioner's motion as it relates to 18 U.S.C. § 3582(c)(1)(A) is DENIED WITH PREJUDICE.

Additionally, Petitioner argues the recent crack cocaine amendment to the Guidelines, Amendment 750, should be applied to reduce Petitioner's sentence pursuant to § 3582(c)(2). Pet'r's Mem. at 5. Even though Amendment 750 (Parts A and C) was made retroactive, effective November 1, 2011, in section 1B1.10(c) of the Guidelines, Petitioner's § 2255 motion is not the appropriate vehicle for pursuing such discretionary relief. *See United States v. Jones*, 143 F. App'x 526, 527 (4th Cir. 2005) ("A motion under § 3582(c)(2) is a post-conviction remedy for an improperly computed sentence that is separate and distinct from a § 2255 motion."); *Miller v. United States*, Nos. 1:07-CR-128, 1:10-CV-3875, 2011 WL 6003180, at *8 (N.D. Ga. Sept. 30, 2011), *adopted by* 2011 WL 6002601 (N.D. Ga. Nov. 29, 2011) (recognizing a § 2255 motion is not the "proper vehicle" to obtain relief for a Guideline amendment); *Walker v. United States*, Nos. 7:07-CR-76-1-BR, 7:10-CV-176-BR, 2011 U.S. Dist. LEXIS 38232, at *6 n.1, 2011 WL 1337409, at *2 n.1 (E.D.N.C. Apr. 7, 2011). "When the Commission makes a Guidelines

11

amendment that reduces a sentencing range retroactively applicable, 'the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the [] Commission." *Miller*, 2011 WL 6003180, at *8 (quoting 28 U.S.C. § 3582(c)(2)). Courts recognize that "a motion pursuant to 18 U.S.C. § 3582(c) is [the] appropriate [motion to be made for a sentence reduction based on a Guideline amendment], not a motion to vacate under 28 U.S.C. § 2255." *Walker*, 2011 U.S. Dist. LEXIS 38232, at *6 n.1, 2011 WL 1337409, at *2 n.1.

Here, Petitioner has clearly requested a sentence reduction pursuant to § 3582(c)(2), but he has included his request within the supporting memorandum to his § 2255 motion and failed to file a separate § 3582 motion. The court recognizes Petitioner's intent to preserve judicial economy by not filing a separate § 3582(c) motion, however, the court will not consider his request for relief under § 3582(c)(2) as currently styled. Indeed, in deciding a § 3582 motion, the court would consider several factors as set forth in 18 U.S.C. § 3553(a). *See Miller*, 2011 WL 60003180, at *8. Petitioner's current motion, presented in his § 2255 memorandum, simply does not address these sentencing factors. Accordingly, the court recommends Petitioner's motion pursuant to §3582(c)(2) be DENIED WITHOUT PREJUDICE.

**C.    FSA Claim**

Finally, Petitioner seeks re-sentencing in accordance with the FSA. Pet'r's Mot. at 6; Pet'r's Mem. at 8. The FSA increased the threshold quantities of cocaine base or crack cocaine needed to trigger certain mandatory minimum sentences under 21 U.S.C. § 841(b). *See Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012); *United States v. Bullard*, 645 F.3d 237, 246 (4th

12

Cir. 2011) (citing Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3,

2010)). "Prior to the effective date (August 3, 2010) of the FSA, the amount of cocaine

necessary to bring the mandatory minimum sentences into play was based on what is now viewed

as the flawed 100:1 ratio of crack vs. powder cocaine." *United States v. Fisher*, 635 F.3d 336,

338 (7th Cir. 2011); *see also Dorsey*, 132 S. Ct. at 2328-29. In particular, under the pre-FSA

version of § 841(b)(1), a defendant with no prior felony drug offenses faced a mandatory

minimum five-year sentence for possession of at least five grams of crack cocaine, and a

minimum ten-year sentence for possession of at least fifty grams of crack cocaine. *Bullard*, 645

F.3d at 246; *see also* 21 U.S.C. § 841(b)(1)(A)-(B) (2010). The FSA raised the crack cocaine

amounts necessary to trigger these five- and ten-year mandatory minimum sentences from 5

grams to 28 grams, and 50 grams to 280 grams, respectively, such that those defendants

convicted of possessing smaller amounts of crack cocaine now face shorter required sentences.

*Bullard*, 645 F.3d at 246 (citing Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat.

2372 (Aug. 3, 2010)).

The Fourth Circuit and other circuits have held that the FSA is not retroactively

applicable to defendants sentenced *before* its enactment. *See Bullard*, 645 F.3d at 248 ("We

agree with all eight circuits that have ruled on the issue that the FSA contains no express

statement of retroactivity, nor can any such intent be inferred from its language.") (collecting

cases). Thus, the FSA provides no sentence relief for offenders sentenced prior to August 3,

2010. *See id.* While this may produce a sentencing disparity between offenders sentenced prior

13

to the FSA and other similarly situated offenders sentenced post-FSA,[12] it is recognized that "the ordinary practice [in federal sentencing] is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey*, 132 S. Ct. at 2335. In the unique situation where a defendant is being sentenced after the effective date of the FSA for a pre-FSA crime, the Supreme Court has ruled that the FSA is retroactively applicable to those defendants. *Dorsey*, 132 S. Ct. at 2331.

Here, Petitioner committed his crimes and was sentenced prior to the FSA's effective date. Petitioner's offense conduct occurred between October 2006 and February 2007 [DE-80] and Petitioner was sentenced by the district court on December 10, 2008 [DE-171]. The FSA's effective date was not until August 3, 2010. Thus, Fourth Circuit precedent dictates that Petitioner is not entitled to relief under the FSA. *See Bullard*, 645 F.3d at 248. Additionally, Petitioner's case is not impacted by the Supreme Court's decision in *Dorsey*. *Id.* at 2331 (providing retroactive relief for a narrow class of offenders sentenced after the FSA's effective date for pre-FSA conduct). Accordingly, this court recommends Petitioner's FSA claim be DENIED.

---

[12] Petitioner was found guilty by jury trial to possessing with intent to distribute more than five (5) grams and more than 50 grams of cocaine base (crack). [DE- 80, 141]. At the time of Petitioner's sentencing, a pre-FSA crack cocaine amount of at least five (5) grams mandated a five-year minimum sentence with a maximum of 40 years and 50 grams mandated a 10-year minimum sentence with a maximum of life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A) and (B). Petitioner's offense conduct was 79.52 grams of cocaine base. PSR ¶ 39. Post-FSA, a defendant sentenced for the same crack cocaine weight would only face a 5-year minimum (carrying a lower statutory maximum), not the 10-year minimum (carrying a life imprisonment statutory maximum) because he only satisfies the lower threshold amount. *See* 21 U.S.C. § 841(b)(1)(B).

14

## IV. CONCLUSION

Based upon the foregoing, the court recommends (1) Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [DE-214], as it pertains to Petitioner's *Simmons* and FSA claims, be DENIED WITH PREJUDICE, (2) Petitioner's motion for a reduction in sentence under 18 U.S.C. § 3582(c) be DENIED WITHOUT PREJUDICE and (3) Petitioner's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) be DENIED WITH PREJUDICE.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 19th day of March, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge

15