IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-51-FL
No. 4:12-CV-42-FL

| | |
|---|---|
| MARTREY ANTWAIN NEWBY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 214), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and the Fair Sentencing Act, also including a motion to reduce sentence under 18 U.S.C. § 3582(c) (DE 215). The government responded urging dismissal of petitioner's motions. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation (M&R) wherein it is recommended that the court deny petitioner's motion to vacate as it pertains to petitioner's Simmons and Fair Sentencing Act claims, and deny without prejudice petitioner's motion for reduction in sentence under § 3582. Petitioner filed objections to the M&R. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling.

**BACKGROUND**

Petitioner was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1)

and 846 (count 1); possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (counts 2, 3, and 4); possession with intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count 5); and possession with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count 6). On December 10, 2008, petitioner was sentenced as a career offender to a term of 425 months imprisonment as to counts 1, 5, and 6, and 360 months imprisonment as to counts 2, 3, and 4, to run concurrently, with the sentences on counts 1, 5, and 6, also based upon the enhanced minimum statutory penalty under 21 U.S.C. §§ 841(b)(1) & 851. Petitioner appealed and the judgment was affirmed.

On March 22, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement under § 841(b)(1) was erroneous in light of Simmons and the Fair Sentencing Act. Petitioner also included a motion to reduce sentence under 18 U.S.C. § 3582(c). The government contends that petitioner's claims are untimely, among other grounds.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have

2

been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's Simmons claim is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner's claim under the Fair Sentencing Act also is untimely, as the Act is not retroactively applicable to defendants sentenced before its enactment. See Dorsey v. United States, 132 S.Ct. 2321, 2335 (2012), United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011).

Petitioner contends, nonetheless, that equitable tolling is warranted. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner suggests it is a miscarriage of justice to treat his Simmons claim as untimely because, in conjunction with a reduction under Fair Sentencing Act, his guideline range should be

3

262-327 months instead of 360 months to life as applied at the time of sentencing that resulted in his sentence of 425 months.

Accepting petitioner's argument, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. In addition, no miscarriage of justice has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense – 40 years – which would be applicable even taking into account Simmons and the Fair Sentencing Act. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

Accordingly, the court declines to apply equitable tolling and must dismiss petitioner's Simmons and Fair Sentencing Act claims. In addition, where petitioner's offense level resulted from application of the career offender guideline and § 841 enhancements, which application the court is without authority to disturb for the reasons stated above, the court finds no further basis for reduction pursuant to § 3582. Accordingly, petitioner's motion for reduction in sentence under § 3582 will be denied. As such, the court will adopt the recommendation of the M&R, except that the court will dismiss, instead of deny, petitioner's Simmons and Fair Sentencing Act claims, and the court will deny with prejudice petitioner's remaining claims under § 3582.

B. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard,

the court finds that a certificate of appealability is warranted on whether the § 2255 motion is untimely, in light of the Fourth Circuit's decision in Simmons and Miller, considered in combination with the Fair Sentencing Act arguments raised by petitioner.

**CONCLUSION**

For the foregoing reasons, the court ADOPTS IN PART the recommendation of the magistrate judge, and DISMISSES petitioner's motion to vacate (DE 214) and DENIES WITH PREJUDICE petitioner's motion for reduction in sentence (DE 215). A certificate of appealability is GRANTED on the terms set forth herein.

SO ORDERED, this 28th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge