# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

No. 4:07-CR-51-FL
No. 4:12-CV-42-FL

| | | |
|---|---|---|
| MARTREY ANTWAIN NEWBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 214), and the government's motion to dismiss (DE 252). Also before the court are petitioner's motion to hold the § 2255 motion in abeyance (DE 261) and petitioner's motion to amend (DE 262). Petitioner has responded to the government's motion to dismiss, and the government did not respond to petitioner's motions. In this posture, the issues raised are ripe for ruling.

## BACKGROUND

Petitioner was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1); possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (counts 2, 3, and 4); possession with intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count 5); and possession with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count 6). On December 10, 2008, petitioner was sentenced as a career offender to a term of 425 months imprisonment as to counts 1, 5, and 6, and 360 months imprisonment as to counts 2, 3, and 4, to run

concurrently, with the sentences on counts 1, 5, and 6, also based upon an enhanced statutory minimum penalty under 21 U.S.C. §§ 841(b)(1) & 851. Petitioner appealed and the judgment was affirmed. The United States Supreme Court denied petitioner's petitioner for certiorari on March 28, 2011.

On March 22, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement under § 841(b)(1) was erroneous in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and the Fair Sentencing Act. Petitioner also included a motion to reduce sentence under 18 U.S.C. § 3582(c). The government contended in response that petitioner's claims were untimely, among other grounds for dismissal.

On January 28, 2014, the court denied petitioner's § 3582(c) motion to reduce sentence, and the court dismissed petitioner's § 2255 motion as untimely. The court of appeals affirmed the order as to the § 3582(c) motion and vacated the court's judgment as to the § 2255 motion. See United States v. Newby, 575 F. App'x 101, 102 (4th Cir. 2014). Upon mandate of the court of appeals, the court directed the government to file a renewed response to the motion to vacate, and appointed counsel pursuant to standing order 11-SO-03 for petitioner, for purposes of representation in accordance with Simmons.

In its motion to dismiss, filed October 14, 2014, the government contends that the § 2255 motion must be denied for lack of merit in the claim asserted. On October 13, 2014, appointed counsel for petitioner moved to withdraw, and the court granted the motion. The court denied subsequently petitioner's motion to appoint counsel, and directed petitioner to file a response to the government's motion to dismiss.

On February 9, 2015, petitioner filed a motion to hold the § 2255 case in abeyance pending resolution of the appeal in Foote v. United States, No. 13-7841 (4th Cir.), in which oral argument

was heard on March 25, 2015. On February 13, 2015, petitioner filed a motion for leave to amend his § 2255 motion to add two additional claims for relief.

**DISCUSSION**

A.    Abeyance Motion

Petitioner seeks to hold his § 2255 case in abeyance pending resolution of the appeal in Foote v. United States, No. 13-7841 (4th Cir.), in which oral argument was heard on March 25, 2015. Foote, however, is inapposite to petitioner's § 2255 motion. In the underlying decision on appeal, the district court in an unpublished opinion dismissed a claim based upon Simmons, where the petitioner's sentence was enhanced due to a career offender classification. See Foote v. United States, No. 1:11-CV-42; 1:06-CR-177-1, 2013 U.S. Dist. LEXIS 159364, *1-2, 2013 WL 5962983 *1 (M.D.N.C. Nov. 7, 2013). The district court issued a certificate of appealability "on the question of whether Petitioner, who was sentenced as a career offender under U.S. Sentencing Guideline § 4B1.1, but who in fact was not a career offender in light of Simmons v. United States, can assert a cognizable claim under 28 U.S.C. § 2255, seeking to challenge a sentence that was below the statutory maximum that would still apply." Id.

In this case, petitioner does not have a basis under Simmons to challenge the predicate convictions to his career offender guidelines calculation, under § 4B1.1. Rather, petitioner challenges under Simmons the conviction underlying his § 851 enhanced statutory minimum penalty, which did not have an impact on petitioner's guideline sentencing range. Therefore, the issue raised by Foote is not the same issue raised in this case, and the abeyance motion must be denied.

B.    § 2255 Motion

Petitioner raises two claims in his § 2255 motion: (1) the underlying conviction used to enhance petitioner's statutory mandatory minimum sentence under 21 U.S.C. § 851 is not a felony

3

punishable by more than one year, per Simmons; and (2) retroactive application of the Fair Sentencing Act.

Regarding the Simmons claim, the government concedes that petitioner was not eligible for the § 851 enhancement, where the predicate offense asserted therefor was not a felony offense, as defined under Simmons. The offense asserted for the enhancement, possession with intent to sell and distribute marijuana, did not subject petitioner to a term of imprisonment of one year or more, see DE 36, and thus did not qualify as a felony conviction under Simmons. See 649 F.3d at 241-46. Accordingly, the § 851 enhancement was invalid, and petitioner should have been subjected to a 10 year mandatory minimum at sentencing for counts 1 and 6, rather than a 20 year mandatory minimum. See 21 U.S.C. §§ 841(b)(1)(A) & 851(a)(1) (2008); see also Presentence Investigation Report ¶49.

The error in applying the statutory mandatory minimum penalty, however, does not provide a basis to vacate petitioner's sentence. Absent the statutory mandatory minimum penalty, petitioner still would have been subject to a guidelines imprisonment range of 360 months to life imprisonment, and the statutory maximum sentence was life imprisonment. See 21 U.S.C. §§ 841(b)(1)(A) (2008); see also Presentence Investigation Report ¶52. Moreover, as reflected in the sentencing transcript and the presentence report, the record confirms that the court's sentencing determination was not affected by the enhanced statutory minimum of 120 months, where the guidelines range well exceeded the statutory minimum and no consideration was requested or made to depart downward to that level. (See, e.g., DE 194 at 13-16, 20, 22-24, 36, 44-48; DE 153).

Under such circumstances where the statutory maximum penalty remains unaffected by § 851 enhancement, error in applying the § 851 enhancement therefore was harmless, and it does not provide a basis for vacating petitioner's sentence under § 2255. See United States v. Pregent, 190

4

F.3d 279, 284 (4th Cir. 1999) ("§ 2255 applies to violations of statutes establishing maximum sentences."); United States v. Powell, 691 F.3d 554, 563 (4th Cir. 2012) (King, J., dissenting in part and concurring in part) ("A defendant like appellant Powell, whose pre-[Simmons] sentence is lawful because it falls within the unenhanced statutory maximum, cannot obtain § 2255 relief."); United States v. Foreman, 519 F. App'x 131, 134 (4th Cir. 2013) ("[E]ven if the conviction no longer qualifies under § 851, there is no indication in the record that the district court's sentencing decision was affected by the enhanced statutory minimum sentence of 120 months. The lowest end of the Guidelines range exceeded the statutory minimum and the court expressed its desire to sentence Foreman in the mid-range, and subsequently did so. Therefore, any procedural sentencing error would be harmless.").

Petitioner suggests that consideration of his Fair Sentencing Act claim in conjunction with this Simmons claim confirms his entitlement to a reduced sentence. The Fair Sentencing Act, however, does not apply to sentences that took place prior to its effective date, August 3, 2010, such as petitioner's 2008 sentencing here. See Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012). Petitioner's claim for retroactive application of the Fair Sentencing Act thus is foreclosed by Dorsey and must be denied as well.

Petitioner also suggests that if he is resentenced as a result of the Simmons claim then he would receive the benefit of the reduced statutory minimum sentences under the Fair Sentencing Act. While it may be true that the court would be required to apply the Fair Sentencing Act in the event of a resentencing, see United States v. Boomer, 519 F. App'x 778, 781 (4th Cir. 2013), there is no valid basis in this case for resentencing in the first place, where the error asserted does not provide a basis for vacating the original sentence under § 2255.

5

In sum, petitioner's <u>Simmons</u> claim and Fair Sentencing Act claim, either separately or in combination, are without merit and must be denied.

C.     Motion to Amend

Petitioner seeks to amend his § 2255 petition to add two new claims for relief: (1) counts 2, 3, 4, 5, and 6, of the indictment charge the "same offense for double jeopardy and unit of prosecution purpose[s]," and his trial and appellate counsel were ineffective in failing to detect and move to correct this "multiplicity error" (DE 262 at 2-3); and (2) petitioner was incorrectly sentenced as a career offender because his two "common law robbery convictions" did not qualify as § 4B1.1 predicates, under <u>Descamps v. United States</u>,133 S.Ct. 2276 (2013).

"When proposed claims in an amendment are barred by the statute of limitations," as petitioner's proposed claims are barred here, "Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000). "Relation back is permitted when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" <u>Id.</u> (quoting Fed. R. Civ. P. 15(c)(2)). An amended claim "does not relate back (and thereby escape [the § 2255] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." <u>Mayle v. Felix</u>, 545 U.S. 644, 650 (2005).

Petitioner's proposed claims do not relate back to his original § 2255 petition because they assert new grounds for relief supported by facts that differ in both time and type from those the original pleading set forth. Petitioner's first proposed claim, in particular, is markedly different, as it involves a claim challenging validity of the charges in the indictment and the effectiveness of assistance of counsel. Petitioner's original § 2255 claims, by contrast, differ in both time (involving

6

a challenge to sentence imposed, not the indictment) and type (involving conduct by counsel and the government, not the court). Therefore, petitioner's motion for leave to add the first proposed claim will be denied on the basis that it is untimely and does not relate back to the original § 2255 claims.

Petitioner's second proposed claim presents a closer question for relation back purposes. On the one hand, it involves a challenge to a sentencing enhancement, like petitioner's original § 2255 claim challenging the § 851 enhancement. On the other hand, it challenges the court's imposition of an enhancement based upon wholly separate conduct from that underlying the § 851 enhancement. Whereas the § 851 enhancement depended on analysis of petitioner's 2003 drug offense, the career offender enhancement depends on analysis of petitioner's 2002 and 2003 common law robbery convictions. "The fact that amended claims arise from the same . . . sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)." Pittman, 209 F.3d at 318. Because the conduct underlying the career offender enhancement differs in both time and type from the conduct underlying the § 851 enhancement, relation back is not warranted. See id. (holding that proposed § 2255 claim based on sentencing enhancement for obstruction of justice did not relate back to original claim based upon sentencing enhancement for prior conviction).

In any event, petitioner's second proposed claim based upon Descamps is without merit, and the motion to amend to add this claim thus must be denied for this reason as well. In Descamps, the Supreme Court held that, in determining whether a prior crime of conviction qualifies as a predicate "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), where the prior crime of conviction "has a single, indivisible set of elements," the sentencing court may not apply a "modified categorical approach" enabling a court to consult documents outside of the statute of

7

conviction. 133 S.Ct. at 2281-82. The court confirmed, however, that "when a prior conviction is for violating a so-called 'divisible statute,'" which is a statute that "sets out one or more elements of the offense in the alternative," the court can "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Id. at 2281.

Descamps is inapposite in the present case because it does not alter the approach to classifying common law robbery under North Carolina law as a violent felony, for purposes of the ACCA, and the analogous provision in the career offender guideline, U.S.S.G. §§ 4B1.1 and 4B1.2.[1] Both before and after Descamps, federal courts consistently have held that the crime of common law robbery under North Carolina law falls under the residual clause of the definition of a violent felony, which makes countable offenses involving "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2; 18 U.S.C. § 924(e)(2)(B); see, e.g., United States v. Fonville, 5 F.3d 781, 784 (4th Cir. 1993) (affirming application of career offender enhancement based in part upon a North Carolina common law robbery conviction); United States v. Woods, 169 F. App'x 790, 791 (4th Cir. 2006) ("[T]he district court correctly concluded that [defendant's] North Carolina common law robbery conviction qualified as a crime of violence for purposes of designating him as a career offender."); United States v. Carmichael, 408 F. App'x 769, 771 (4th Cir. 2011) (holding that "North Carolina common law robbery . . . qualifies as a violent felony"); Williams v. United States, No. 1:12CR110-1, 2015 WL 277672, at *2 (M.D.N.C. Jan. 22, 2015) (holding that Descamps does not alter conclusion that common law robbery constitutes a violent felony under the ACCA); Caldwell v. United States, No. 3:14-CV-00348-MOC, 2014 WL 2986025, at *1-2 (W.D.N.C. July

---

[1] Due to similarity in the definition of "violent felony" in the two provisions, the Fourth Circuit has "held that precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.2." United States v. Jarmon, 596 F.3d 228, 231 n* (4th Cir. 2010).

2, 2014) (same); <u>Mann v. United States</u>, No. 5:08-CR-296-D, 2013 WL 5356878, at *5 (E.D.N.C. Sept. 24, 2013) (same).

As part of his proposed claim based upon <u>Descamps</u>, petitioner urges the court to hold the case in abeyance on the basis of <u>Johnson v. United States</u>, No. 13-7120 (S.Ct.). In that case, the Supreme Court granted certiorari to review the Eighth Circuit's decision in <u>United States v. Johnson</u>, 526 F. App'x 708, 711 (8th Cir. 2013). There, the Eighth Circuit held that the district court did not err in treating a defendant's prior conviction for the Minnesota offense of attempted simple robbery as a violent felony within the meaning of ACCA. <u>Id.</u> Where <u>Johnson</u> involves a different underlying predicate offense, holding the present case in abeyance pending <u>Johnson</u> is not warranted.

In sum, petitioner's motion for leave to amend must be denied as futile, on the basis that the proposed time-barred claims do not relate back to the original petition, and petitioner's claim based upon <u>Descamps</u> is in any event without merit.

D.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

9

**CONCLUSION**

For the foregoing reasons, the court DENIES petitioner's motion to hold the § 2255 motion in abeyance (DE 261), GRANTS the government's motion to dismiss (DE 252), DISMISSES petitioner's motion to vacate (DE 214), and DENIES petitioner's motion to amend (DE 262). A certificate of appealability is DENIED.

SO ORDERED, this the 21st day of April, 2015.


_____
LOUISE W. FLANAGAN
United States District Judge

10