IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CR-51-FL-1
No. 4:16-CV-161-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARTREY ANTWAIN NEWBY | ) | |

This matter is before the court on petitioner's motion to reopen regarding second motion to vacate sentence pursuant to 28 U.S.C. § 2255. (DE 283). The issues raised are ripe for ruling. For the reasons that follow this court dismisses petitioner's motion.

## BACKGROUND

Petitioner was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1); possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (counts 2, 3, and 4); possession with intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count 5); and possession with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count 6). On December 10, 2008, petitioner was sentenced as a career offender to a term of 425 months imprisonment as to counts 1, 5, and 6, and 360 months imprisonment as to counts 2, 3, and 4, to run concurrently, with the sentences on counts 1, 5, and 6, also based upon an enhanced statutory minimum penalty under 21 U.S.C. §§ 841(b)(1) & 851. Petitioner appealed, and the Court of Appeals for the Fourth Circuit affirmed the judgment of the court. United States v. Newby, 403 F.

App'x 809, 811 (4th Cir. 2010). Petitioner filed a petition for certiorari in the Supreme Court, but it was denied on March 28, 2011. Newby v. United States, 563 U.S. 912 (2011).

On March 22, 2012, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement under § 841(b)(1) was erroneous in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and the Fair Sentencing Act. On January 28, 2014, the court, in part, dismissed petitioner's § 2255 motion as untimely. The court of appeals vacated and remanded the court's dismissal of the § 2255 motion. See United States v. Newby, 575 F. App'x 101, 102 (4th Cir. 2014). On April 22, 2015, the court in part dismissed petitioner's first motion to vacate, holding that petitioner's Simmons claim and Fair Sentencing Act claim, either separately or in combination, are without merit and must be denied. Petitioner appealed, and the Court of Appeals for the Fourth Circuit dismissed petitioner's appeal. United States v. Newby, 620 F. App'x 196 (4th Cir. 2015).

On June 26, 2016, after receiving authorization from the Fourth Circuit to file a second or successive § 2255 motion, petitioner filed his second motion to vacate pursuant to § 2255, arguing in part that he has been improperly designated as a career offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). On August 2, 2016, the court granted the government's motion to stay pending the resolution of the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). Following the resolution of Beckles, the court lifted the stay on petitioner's case and directed petitioner to file a supplement to his § 2255 motion. On March 22, 2017, appointed counsel for petitioner filed a notice of voluntary dismissal. However, on June 28, 2017, petitioner pro se filed the instant motion to reopen his second motion to vacate under § 2255, arguing that 1) Beckles violates the Ex Post Facto Clause of the Constitution and is not retroactive

2

and 2) in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), he is no longer a career offender.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Petitioner's claims are second or successive.

The court "must classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Although the court directed petitioner to file a supplement to his § 2255 motion following the issuance of the Supreme Court's decision in Beckles, petitioner's counsel instead filed a notice of voluntary dismissal. Petitioner's instant motion, although labeled a "motion to reopen," attacks his underlying conviction; thus, petitioner's motion is a second or successive petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005); United States v. McRae, 793 F.3d 392, 397 (4th Cir. July 13, 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not

a true Rule 60(b) motion, but rather a successive habeas petition.") (internal quotation omitted). Such a petition may not be brought prior to receiving certification from the United States Court of Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at 205. Plaintiff presents no such certification. Accordingly, petitioner's § 2255 claim must be dismissed.

2. Petitioner's claims fail on the merits.

Even if petitioner's claims were not second or successive, petitioner's claims fail on the merits.

Petitioner argues first that, even though petitioner was sentenced pursuant to the sentencing guidelines and not the Armed Career Criminal Act ("ACCA"), the court should grant petitioner's motion to vacate in that Beckles violates the Ex Post Facto Clause of the Constitution and is not retroactive, citing in part to the Fourth Circuit's decision in United States v. Morrow, 925 F.2d 779, 782 (4th Cir. 1991).

Prior to the Supreme Court's decision in Johnson, an offense was deemed a "violent felony" under the ACCA's so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at

894. Therefore, although the former sentencing guidelines contain a residual clause as well, this clause is not void for vagueness.[1] Id. at 892.

In Morrow, the Fourth Circuit held in part that employing a sentencing guideline three-level enhancement could not be applied in the case before the court where that guideline was not in effect at the time of defendant's sentencing and that the retroactive application of this enhancement violated the Ex Post Facto Clause of the Constitution. This situation, however, is not currently before this court. In this case, petitioner was correctly determined to be a career offender under the sentencing guidelines in effect at the time of petitioner's sentencing. The Supreme Court's decisions in Johnson, invalidating the residual clause in the ACCA, and in Beckles, making clear that the holding in Johnson does not apply to the sentencing guidelines, do not invalidate the court's determination that petitioner is a career offender under the sentencing guidelines.[2]

Second, petitioner argues that in light of the Supreme Court's decision in Mathis, he is no longer a career offender.

Under the sentencing guidelines, a defendant is a "career offender" if 1) he was at least 18 years old at the time he committed the instant offense of conviction; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG 4B1.1. Here, only the third requirement is in dispute.

At the time of petitioner's sentencing, § 4B1.2 defined a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

---

[1] The definition of "crime of violence," revised August 1, 2016, no longer contains a residual clause.

[2] Petitioner additionally cites to the Fourth Circuit's decision in In re Hubbard, 825 F.3d 225, 235 (4th Cir. 2016). Hubbard, however, was decided before the Supreme Court's decision in Beckles.

5

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

USSG § 4B1.2(a) (emphasis added to the "residual clause"). Section 4B1.2(a)(1) involves the "force clause" and § 4B1.2(a)(2) involves the residual clause. Further, the commentary to § 4B1.2 enumerated "robbery" as a crime of violence. USSG § 4B1.2, cmt. n.1. Petitioner disputes whether his prior convictions under North Carolina law for common law robbery qualify him as a career offender.

In <u>Mathis</u>, the Supreme Court held that when determining whether an offense qualifies as a predicate under the ACCA, the court must look to the statutory elements of the offense, rather than the means of commission, to assess if the statute's elements are the same as, or more narrow than, the generic offense found in the ACCA. 136 S. Ct. at 2247. The Fourth Circuit has applied the categorical approach discussed in <u>Mathis</u> in determining whether a prior conviction qualifies as a predicate within the meaning of the career offender provisions of the sentencing guidelines. See <u>United States v. Dozier</u>, 848 F.3d 180, 188 (4th Cir. 2017) (holding that the defendant's underlying offense was a "categorical match of a generic controlled substance offense" and, thus, that the defendant "was properly deemed a career offender under § 4B1.1 of the Sentencing Guidelines"). The Fourth Circuit has also held that North Carolina common law robbery categorically qualifies a crime of violence as defined in the current sentencing guidelines in § 4B1.2(a) and incorporated by reference into § 2K2.1(a)(4)(A). <u>United States v. Gattis</u>, 877 F.3d 150, 152, 155-56, 159-61 (4th Cir. 2017).

Robbery is now an enumerated offense under USSG § 4B1.2. Effective August 1, 2016, the definition of a "crime of violence" has been amended to expressly include robbery as an enumerated

offense in § 4B1.2(a)(2) itself rather than relegating this crime to the commentary. It was not an enumerated offense within the text of the guideline at the time petitioner was sentenced. However, the Fourth Circuit has recently held, citing Gattis, that a North Carolina felony conviction for common law robbery qualifies as a crime of violence under the residual clause of the version of the sentencing guidelines as applicable here. See United States v. Jackson, No. 15-4404, 2018 WL 365312, at *2 (4th Cir. Jan. 11, 2018) (citing Gattis, 877 F.3d at 155-56).

Therefore, petitioner's convictions under North Carolina law for common law robbery categorically qualifies as a crime of violence under the sentencing guidelines, and petitioner was properly designated a career offender. Petitioner's Mathis claim fails.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DISMISSES petitioner's motion to reopen regarding second motion to vacate sentence pursuant to 28 U.S.C. § 2255. (DE 283). A certificate of appealability is DENIED.

SO ORDERED, this the 14th day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge